McKEOWN v. FOSTER. McHALE v. SAME. STEVENS v. SAME.

(Supreme Court, Appellate Term, First Department. May 19, 1916.)

1. MUNICIPAL CORPORATIONS ☞821(17)—DEFECT IN SIDEWALK—RES IPSA LOQUITUR—LIABILITY OF ABUTTING OWNERS.

Where some of a crowd collecting from curiosity on a sidewalk grating are injured by the grating giving way, there is no presumption of negligence from the fall of the grating, which renders the building owner maintaining it liable as a matter of law, where the dangerous condition of the grating is not conclusively shown.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1751; Dec. Dig. ☞821(17).]

2. MUNICIPAL CORPORATIONS ☞821(20)—DEFECT IN SIDEWALK—QUESTION FOR JURY.

In such case, on conflicting evidence as to the dangerous condition of the grating, the question of contributory negligence of the curiosity seekers in crowding thereon is for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1754; Dec. Dig. ☞821(20).]

Appeals from City Court of New York, Trial Term.

Separate actions by Hugh McKeown, an infant, by Richard McHale, an infant, and by Rosa Stevens, respectively, against Roger Foster, tried as one. From judgments for plaintiffs upon the verdict of a jury, and from orders denying his motion for new trials, defendant appeals. Judgment in each case reversed, and new trial ordered.

See, also, 153 N. Y. Supp. 983.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Jacob J. Aronson, of New York City (Roger Foster, of New York City, of counsel), for appellant.

Samuel Deutsch, of New York City (Moses Feltenstein, of New York City, of counsel), for respondents.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COHALAN, J.  Three actions were brought by the respective plaintiffs to recover damages for personal injuries, and the three cases were tried as one.  The defendant was the owner of premises 2757 Madison avenue, in the borough of Manhattan, city of New York, which was a corner five-story building with an entrance on Madison avenue. In front of the building was an iron grating, about 50 feet long and 4½ feet wide.  It was elevated above the rest of the sidewalk from 1½ to 3½ inches.  There were four stores to the building, and the iron grating was adjacent to them.  Underneath the grating was a cellarway, which extended along the entire length of the grating.  On June 13, 1913, an injured boy had been taken into a tailor store in the defendant's building, and out of curiosity a crowd of about 15 persons collected on the grating, which gave way, and they were precipitated into the cellar of the premises.

[1, 2]  The court as a matter of law held that when the grating fell a presumption of negligence arose, and thereupon submitted the case to the jury for the sole purpose of assessing damages.  This action on the part of the court calls for a reversal of the judgment.  The dangerous condition of the grating was not conclusively shown, and on conflicting evidence with respect thereto it was a matter for the jury to say whether or not it was reasonably safe and was so kept by the defendant.  Moreover, there was no evidence in the case that the grating was a part of the sidewalk, or that it was not the private property of the defendant, upon which the respective plaintiffs had no absolute right to enter.  The accident was due to an extraordinary occurrence, and the grating was subjected to an unusual weight by a crowd of people attempting to satisfy their curiosity, among whom were the plaintiffs.  The question as to whether or not this action on the part of these curiosity seekers was contributory negligence should have been submitted to the jury.

The judgment in each of the three cases is reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.